IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WELCH,<br><br>                Petitioner,<br><br>vs.<br><br>J. W. HAVILAND, Warden, California State Prison, Solano,<br><br>                Respondent. | No. 2:09-cv-00840-JKS<br><br>ORDER |

Petitioner Thomas Welch, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Relief Under 28 U.S.C. § 2254 challenging the December 2007 decision of the Board of Parole Hearings ("Board) denying him parole for a period of one year.  Welch is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano.  Respondent has answered, and Welch has replied.

It appears from the record in this case that, after a hearing on December 29, 2008, the Board granted Welch parole, subject to review by the Governor.[1]  Upon review, the Governor, invoking his authority, requested en banc review of the Board's decision.[2]  The Board's Executive Board set a hearing for Tuesday, June 16, 2009.[3]  There is no indication in the record of the action taken by the Executive Board or any proceedings thereafter.

---

[1] Docket No. 17, pp. 12-27, 32.

[2] Docket No. 17, pp. 35-39.

[3] Docket No. 17, p. 34.

In the event that Welch were to prevail on the merits of his Petition, the appropriate relief would be to remand the matter to the Board to conduct a new hearing.[4]  In this case, however, the Board conducted a hearing in December 2008, subsequent to the decision that Welch is currently challenging.  As a result of that subsequent hearing, the panel granted Welch parole.  Ordinarily, that would render the matter moot.  In this case, however, it does not appear from the record that the December 2008 proceeding has been finalized, and the Court has not been advised that Welch has been released on parole.

**IT IS HEREBY ORDERED THAT**, within **14 days** of the date of this Order, Respondent must file a status report informing the Court of:

1.  The action, if any, taken by the Board of Parole Hearings, sitting en banc;

2.  if the action of the Board of Parole Hearings sitting en banc is subject to further review, the current status of any such further proceedings involving the action taken; and

3.  the current status of any other action taken by the Board or the Governor subsequent to December 2008 related to or affecting Welch's eligibility for release to parole status.

Dated:  September 16, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[4] *See In re Prather*, 234 P.3d 541, 550-54 (Cal. 2010).