IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS WELCH,

                Petitioner,

      vs.

J. W. HAVILAND, Warden, California
State Prison Solano,

                Respondent.

No. 2:09-cv-00840-JKS

DISMISSAL ORDER

Petitioner Thomas Welch, a state prisoner appearing *pro se*, filed a Petition for Habeas

Corpus Relief Under 28 U.S.C. § 2254.  In his Petition, Welch challenged the November 2007

decision of the Board of Parole Hearings denying him parole for a period of one year.

Subsequently, at the parole-suitability hearing in December 2008, the Board granted Welch

parole, subject to review by the Governor.[1]  Upon review, the Governor, invoking his authority,

requested an en banc review by the Board.[2]

This Court entered an Order directing the Respondent to file a status report of the action,

if any, taken by the Board of Parole Hearings ("Board"), sitting en banc, after remand to it by the

Governor.[3]  In his status report, Respondent reported that the Board held a rescission hearing and

---

[1] Docket No. 17, pp. 12-27, 32.

[2] Docket No. 17, pp. 35-39.

[3] Docket No. 24.

did not rescind the December 2008 decision granting Welch parole.  Welch was released to

parole status January 8, 2010.[4]

Federal courts lack jurisdiction to consider moot claims.[5]  "If there is no longer a

possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed

for lack of jurisdiction."[6]  "The basic question in determining mootness is whether there is a

present controversy as to which effective relief can be granted."[7]  In the case of a denial of parole

by the Board, the appropriate remedy is to vacate the decision of the Board and remand for a new

hearing consistent with the requirements of due process.[8]  The Board having held a new hearing

and granted Welch parole, there is no further remedy that this Court may grant. Accordingly,

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus is **DISMISSED** as moot.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[9]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[10]

---

[4] Docket 25.

[5] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[6] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[7] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

[8] *See In re Prather*, 234 P.3d 541, 550-54 (Cal. 2010).

[9] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[10] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  October 12, 2010.

/s/ James K. Singleton, Jr.

JAMES K. SINGLETON, JR.
United States District Judge